UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE BAILEY,

Plaintiff,

-against-

THE RITZ-CARLTON HOTEL COMPANY, LLC, MARRIOTT HOTEL SERVICES, LCC and MARRIOTT INTERNATIONAL, INC.,

Defendant.

Case No. 1:26-cv-08160 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Defendants The Ritz-Carlton Hotel Company, LLC ("Ritz LLC"); Marriott Hotel Services, LLC ("Marriott LLC"), and Marriott International, Inc. ("Marriott Inc." and, together with Ritz LLC and Marriott LLC, "Defendants") removed this action from the Supreme Court of the State of New York, County of Bronx, to this Court on September 18, 2026, asserting that jurisdiction in this Court is proper by reason of diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* Dkt. 7 ("Notice of Removal") ¶ 3. Jurisdiction under that statute is proper "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

As to citizenship, Defendants allege that Plaintiff is a citizen of New York. Notice of Removal ¶ 3(a). They allege that Ritz LLC is incorporated in Delaware and its principal place of business is in Maryland, and that "[a]ll corporate members of the LLC" are citizens of Delaware with principal places of business in Maryland. *Id.* ¶ 3(b). Defendants further allege that Marriott LLC, likewise, is incorporated in Delaware and its principal place of business is in Maryland, and that "[a]ll members of the LLC" are incorporated in Delaware with their principal places of business in Maryland. *Id.* ¶ 3(c). Finally, Defendants allege that Marriott Inc. is incorporated in

Delaware, and its principal place of business is in Maryland. *Id.* ¶ 3(d). As to the amount in controversy, Defendants do not state a precise figure. Rather, they represent "[u]pon information and belief" that the amount "exceeds $75,000," inasmuch as Plaintiff seeks damages based on "severe and serious personal injur[ies]," some of which are "permanent," and all of which led to "substantial monetary loss." *Id.* ¶ 3(e). Defendants also note that Plaintiff's state-court pleadings seek judgment "in a sum in excess of the jurisdictional limits of all lower courts of the State of New York." *Id.*

Defendants have failed to establish jurisdiction under Section 1332. It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). Thus, a notice of removal premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC-party and the place of incorporation and principal place of business of any corporate entities that are members of the LLC. *See id.*; *see also, e.g.*, *Yohannes v. Zhakut*, No. 26-cv-03958 (JPO), 2026 WL 1382959, at *1 (S.D.N.Y. May 18, 2026) ("[A] removing party invoking diversity jurisdiction must allege the citizenship of every *member* of an LLC, whether those members are natural persons or corporate entities."). The fact that the Notice of Removal alleges the citizenship of "[a]ll members" of Marriott LLC but only the citizenship of "[a]ll *corporate* members" of Ritz LLC, *id.* ¶¶ 3(b)-(c), creates an ambiguity as to whether there are additional non-corporate members of Ritz LLC whose citizenships have been omitted.

Furthermore, "[i]t is well established that 'the defendant bears the burden of demonstrating the propriety of removal.'" *Roberts v. Kirby*, No. 24-cv-08984 (JMF), 2025 WL 240739, at *1 (S.D.N.Y. Jan. 17, 2025) (quoting *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*,

368 F.3d 86, 100 (2d Cir. 2004)). "If the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Yohannes*, 2026 WL 1382959, at *1 (alteration adopted) (quoting *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994)). Defendants have not provided an amount in controversy here; instead, they point to Plaintiff's allegations that she sustained serious and permanent injuries, and that her damages exceed the jurisdictional limits of lower New York State courts. *See* Notice of Removal ¶ 3(e). This is not enough. The latter is simply a requirement of New York law for personal injury complaints and is insufficient, on its own, to establish an amount in controversy in federal court. *See* N.Y. C.P.L.R. 3017(c) (providing that personal injury actions brought in New York Supreme Court "shall not state the amount of damages to which the pleader deems himself entitled" but must "state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction"). Indeed, where C.P.L.R. 3017(c) renders the pleadings silent as to damages, "a defendant seeking removal must 'include "a plausible allegation" that the amount in controversy exceeds the jurisdictional threshold.'" *Valera v. Target Stores*, No. 25-cv-05536 (JLR), 2025 WL 2702130, at *1 (S.D.N.Y. Sept. 23, 2025) (quoting *Thomas v. J.B. Hunt Transp., Inc.*, No. 23-cv-06889 (DEH), 2023 WL 8233137, at *2 (S.D.N.Y. Nov. 28, 2023)). And "generalized and conclusory allegations of 'severe and permanent personal injuries' do not permit the Court to draw a reasonable inference that the amount in controversy requirement is met." *Thomas*, 2023 WL 8233137, at *2 (citation omitted); *see also Yohannes*, 2026 WL 1382959, at *1-2 (remanding removed case *sua sponte* for, among other reasons, failure to state amount in controversy where

notice of removal "state[d] that [p]laintiff 'alleges he sustained serious injuries' and thus 'upon information and belief, [p]laintiff's amount in controversy exceeds th[e] $75,000 threshold,'" because "[t]his boilerplate language 'cannot reasonably be interpreted as alleging damages in excess of $75,000'" (citations omitted)).

Accordingly, it is hereby ORDERED that this matter be REMANDED to the New York State Supreme Court, Bronx County, pursuant to 28 U.S.C. § 1447(c). This remand is without prejudice to a future notice of removal that provides an adequate basis for this Court's jurisdiction. The Court notes that this matter was automatically referred to mediation on September 22, 2026. *See* Dkt. 10. That referral is VACATED.

Dated: September 23, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge